Filed 12/22/23  P. v. Perkins CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B328345 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA414302) |
| v. | |
| MARCUS LYNN PERKINS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Curtis B. Rappe, Judge.  Affirmed.

Marcus Lynn Perkins, in pro. per.; Richard B. Lennon and Nancy Gaynor, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Appellant Marcus Lynn Perkins appeals from an order denying his petition filed under Penal Code section 1172.6 (former section 1170.95).[1] After his appointed appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 attesting she could find no arguable issues, Perkins filed a supplemental brief. Perkins contended the trial court erred in finding he failed to make a prima facie showing of eligibility for relief because it improperly weighed the credibility of a written statement he introduced at the hearing, and because the court considered whether the factual allegations he set forth in his papers entitled him to relief. Finding no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

### A.  *Perkins Is Convicted of Murder*

In 2017, Perkins was tried for first degree murder. Among the instructions given to the jury were CALCRIM Nos. 520, 521, and 540A. CALCRIM No. 520 provided in pertinent part that Perkins was not guilty of murder unless he acted with "malice aforethought"; that there were two types of malice aforethought, express and implied malice; that he acted with express malice if he "unlawfully intended to kill"; and that he acted with implied malice if he "intentionally committed an act; [¶] . . . The natural

---

[1] Undesignated statutory references are to the Penal Code. Effective June 30, 2022, section 1170.95 was renumbered as 1172.6 without substantive change. (*People v. Strong* (2022) 13 Cal.5th 698, 708, fn. 2.) For clarity, we use the current statutory numbering.

[2] We limit our summary to the facts and procedural history relevant to the issues raised on appeal.

and probable consequences of the act were dangerous to human life; [¶] . . . At the time he acted, he knew his act was dangerous to human life; [¶] AND [¶] . . . He deliberately acted with conscious disregard for human life."  The instruction also provided that if the jury decided Perkins had committed murder, it was murder of the second degree, unless the prosecution proved it was murder in the first degree as defined under CALCRIM No. 521 and/or No. 540A.

CALCRIM No. 521 provided in pertinent part that Perkins had been prosecuted for first degree murder under two theories: "(1) the murder was willful, deliberate, and premeditated, and (2) the murder was committed during the commission of a robbery or attempted robbery."  It provided also that the jury "may not find the defendant guilty of first degree murder unless all of you agree that the People have proved the defendant committed murder. But all of you do not have to agree on the same theory."

CALCRIM No. 540A provided in pertinent part that Perkins was charged with murder under a theory of felony murder and that, to prove Perkins guilty of first degree murder under this theory, the prosecution was required to prove Perkins committed or attempted to commit a robbery, he intended to do so, and while doing so or attempting to do so, he caused the death of another person.

The jury convicted Perkins of first degree murder and also found that Perkins committed the murder while he was engaged in the crime of robbery and that he had personally used a handgun.  Perkins was sentenced to life without the possibility of parole, with an additional four years for using a firearm during the commission of the crime.  He appealed, and we affirmed the

3

conviction.  (*People v. Perkins* (May 1, 2020, B289376) [nonpub. opn.].)

### B.   *Perkins Files a Petition*

In 2022, Perkins filed a petition for writ of habeas corpus, arguing the trial court had instructed the jury on two theories of first degree murder: murder under the natural and probable consequences theory and felony murder, and that the jurors were told they did not need to agree on the same theory to find Perkins guilty.  Perkins claimed that Senate Bill No. 775 "eliminated natural and probable consequences doctrine for murder," thus requiring a reversal of his conviction because the jury was instructed with a "legally incorrect" theory.  After deeming Perkins's writ as a request for relief under section 1172.6, the court appointed counsel for him and ordered the People to file a response.  The People did so, arguing that Perkins was ineligible for relief as a matter of law because his record of conviction established he was not prosecuted under the natural and probable consequences doctrine.  Thereafter, Perkins's counsel informed the court that she intended to submit on the petition and concede the matter.

After learning of his appointed counsel's intentions, Perkins successfully asked the trial court to permit him to waive his right to counsel and to file a reply brief.  In January 2023, acting in propria persona, Perkins filed a reply brief arguing that "relief is based on the natural and probable consequences doctrine (theory) being used in jury instruction CALCRIM 520, First Degree Murder with malice aforethought to impute malice based solely on the person's participation in a crime" and that "relief is based on an other [*sic*] theory under which malice was imputed to a person based solely on that person's participation in

4

a crime." He also admitted in his reply brief that the victim's daughter testified she "viewed a black male pointing a gun at" her father, that she "heard several shots fired," and that she "identified the petitioner."

At the hearing on the petition, the prosecution argued Perkins was ineligible for relief because "he was the actual shooter," and because the jury was not instructed on "aiding and abetting" or "natural and probable consequences" or given any "instruction to make the defendant subject to imputed malice based on the conduct of another person, or merely participating in a crime."[3]

Perkins countered that the jury was instructed with CALCRIM No. 520 which contained the phrase "natural and probable consequences," but the court explained that the "natural and probable consequences" discussed in CALCRIM No. 520 were part of the instruction on finding implied malice and were not the same as those discussed in the "natural and probable consequences" doctrine.[4] The court added that in any case, the

---

[3] The prosecution also contended that the jury was not instructed on felony murder; the court corrected the prosecution that the jury *was* instructed on felony murder but "on a theory that he was the actual shooter."

[4] (See *People v. Rivera* (2021) 62 Cal.App.5th 217, 231 ["Before Senate Bill No. 1437, 'the natural and probable consequences doctrine was an exception to the actual malice requirement'—i.e., the requirement of either express or implied malice. [Citations.] The name of the doctrine is confusing, since implied malice also incorporates the idea of 'natural and probable consequences,' but the two concepts are distinct. Whereas implied malice is based on 'the "natural and probable consequences" of a defendant's *own* act' the natural and probable
*(Fn. is continued on the next page.)*

jury had found Perkins guilty of first degree murder, so they did not consider the "implied malice" portion of CALCRIM No. 520, but instead must have found either that "it was a direct[,] willful, deliberate and premeditated murder, which includes an intent to kill, or that it was a felony murder where you were the actual killer."

After further discussion on the law, Perkins asked to submit a "one page document" that was "an interview of T[.] Macias" (the Macias statement).[5] The Macias statement appears to be a typewritten statement from the perspective of Macias, stating that after Macias heard gunshots on the night of the murder, he saw a green Toyota Corolla turn the corner, and it was driven by "Sinbad" with "Smokey" as a passenger.[6] The prosecution objected to the court considering this statement, arguing it was improper at this stage of the proceedings. Perkins argued that the statement was relevant because it supported the theory that there were two assailants and that the person who exited the store and got into the car was not him.

---

consequences doctrine was 'a theory of vicarious liability under which "[a]n aider and abettor [was] guilty not only of the intended, or target, crime but also of any other crime a principal in the target crime actually commit[ted] (the nontarget crime)" '—including murder—' "that [was] a natural and probable consequence of the target crime" ' "].)

[5] The Macias statement does not appear in the record, but Perkins attaches it to his supplemental brief. It seems to be a form originating from the Los Angeles Police Department and it is unclear whether it was included at trial or was otherwise part of the record of conviction.

[6] Perkins clarified in his brief that "Neither of the two individuals [Macias] depicted is the appellant."

The trial court permitted Perkins to lodge this statement but informed him that it could not consider it at this stage of the proceedings. It added that the statement might be relevant in an order to show cause hearing but advised Perkins that "even if the jury bought this, they would have acquitted you. [¶] So this doesn't show that you were convicted as an aider and abettor."

The court subsequently denied the petition, finding that the People had shown, as a matter of law, that Perkins was not convicted on a theory of murder that was no longer valid. Perkins timely appealed.

## DISCUSSION

### A. *Governing Law*

Under section 1172.6, subdivision (a), "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, . . . may file a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . . [¶] (2) The petitioner was convicted of murder . . . following a trial . . . . [¶] (3) The petitioner could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019." Section 188, subdivision (a)(3) now provides: "Except as stated in

7

subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." Section 189, subdivision (e) now provides in pertinent part: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [which list includes robbery] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer."

When a defendant files a facially sufficient petition under section 1172.6, the trial court must appoint counsel to represent the petitioner, allow briefing from both sides, and hold a hearing to determine whether the petitioner has made a prima facie showing for relief. (§ 1172.6, subds. (b)–(c).) If the petitioner makes a prima facie showing of entitlement to relief, the court will issue an order to show cause. (§ 1172.6, subd. (c).)

**B.** *Analysis*

The trial court found that Perkins failed to make a prima facie showing of entitlement to relief under section 1172.6. Perkins argues the court erred in so finding because: (1) the court engaged in improper weighing of the credibility of the Macias statement when it advised him that the statement would not be helpful to him; and (2) the court engaged in improper factfinding when it determined that "the factual allegations the appellant set forth in the prima facie hearing were not facts that would have caused a jury to convict the appellant as an aider and abbettor [*sic*]" and would not "show that the appellant was convicted as an aider and abbettor [*sic*]," and "that the people ha[d] shown as a matter of law that the appellant was not convicted on a theory that is not still valid." Neither contention has merit.

8

When Perkins raised the Macias statement at his hearing, the court informed him the statement was irrelevant at this stage of the proceedings but could become relevant if the matter were to proceed to an order to show cause hearing. However, the court also advised Perkins, who was appearing in propria persona, that this document would not be helpful to him in such a hearing, because if the jury had believed the statement, it would have acquitted him, and that the statement did not demonstrate Perkins had been convicted as an aider and abettor (if he had been convicted of aiding and abetting the actual killer instead of as the actual killer himself, he could potentially be entitled to relief under section 1172.6). We discern no improper weighing of credibility in the court's colloquy with Perkins. Indeed, the court went out of its way to state that it could not consider the statement in the proceedings currently before it. It appears instead that, as a courtesy to Perkins, the court was explaining to him why the statement would not be helpful in obtaining relief under section 1172.6. But nothing in the record suggests the court denied the petition at the prima facie hearing because it believed or disbelieved the Macias statement.

The court also did not err in considering whether the factual allegations that Perkins had set forth entitled him to relief. That is precisely what the trial court was supposed to do. As our Supreme Court explained, and as Perkins himself acknowledges in his brief: in making a prima facie determination under section 1172.6, subdivision (c), " ' "the court takes petitioner's *factual allegations* as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her *factual allegations* were proved." ' " (*People v. Lewis* (2021) 11 Cal.5th 952, 971, italics added.)

9

Finally, Perkins failed to demonstrate the court erred in finding him ineligible for relief as a matter of law. As Perkins admitted, he was identified by the victim's daughter as the shooter. The jury found Perkins guilty of first degree murder. From the record provided to us (including jury instructions), we agree with the trial court's analysis that the jury could have reached such a conclusion only under two theories—either the jury found Perkins acted willfully, deliberately, and with premeditation as defined in CALCRIM No. 521, or it found under CALCRIM No. 540A that he committed or intended to commit robbery and that, in doing so, caused the death of the victim. If the jury found first degree murder through the first avenue (CALCRIM No. 521), then Perkins acted with malice. If the jury found first degree murder through the second avenue (CALCRIM No. 540A), Perkins has not cited anything in the record to suggest that he was convicted under any theory other than his being the actual killer. Moreover, the jury also found Perkins had personally used a handgun in his crime, and CALCRIM No. 540A "addresses situations where the defendant allegedly committed the fatal act." (*People v. Garcia* (2020) 46 Cal.App.5th 123, 181, fn. 46.)

Both theories under which the jury could have found first degree murder remain valid under the amendments to sections 188 and 189. Perkins is therefore ineligible for relief as a matter of law under section 1172.6. He fails to raise any arguable contention that the trial court erred in denying him relief. (See *People v. Hertz* (1980) 103 Cal.App.3d 770, 780 [appellant has affirmative duty to show error].)

10

## DISPOSITION

The trial court's order is affirmed.

NOT TO BE PUBLISHED


                                                              CHANEY, J.


We concur:



        BENDIX, Acting P. J.



        WEINGART, J.